**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ROSANGELA PENA CORONEL,
individually and as personal representative of
THE ESTATE OF ITALO PIOVAN-
ANTEQUERA,

        *Plaintiff,*

v.

        Case No. 24-1094-EFM

JEREMY TODD GOSSEN,

        *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Rosangela Piovan-Antequera, individually, and as personal representative of the Estate of Italo Piovan-Antequera, presents to the Court her Motion for Approval of Settlement (Doc. 112). The Court approves the settlement agreement, modified with respect to attorneys' fees and expenses as detailed below.

### I.      Settlement Agreement and Release

The details of the proposed settlement have been set forth in Plaintiff's motion, as well as the attorneys' fees and expenses to be paid to Plaintiff's counsel. The settlement agreement apportions 50% of the net award after expenses and attorneys' fees to Plaintiff and splits the remaining 50% between Mr. Piovan-Antequera's two minor children. The two minor children's funds are to be held in a Uniform Transfer to Minors Account ("UTMA") with Plaintiff as custodian.

Kansas law treats minors as persons under legal disability and requires a court to approve a settlement contract before it becomes binding on a minor.[1] Accordingly, a court must "exercise extensive oversight, ensuring that the injured minor's claims are not sold short by an agreed settlement merely outlined at a 'friendly' hearing."[2] Considering that approximately 25% of the net settlement proceeds will be received by the minor children and placed in individual UTMAs— accounts designed to protect a minor's interests—the Court finds the arrangement to be just, fair, and conservative of the minors' interests.[3]

## II.    Attorneys' Fees and Expenses

### A.    Attorneys' Fees

In a suit seeking damages for a wrongful death, Kansas law requires the Court to determine a reasonable attorneys' fee.[4] "The general rule is that an attorney is entitled to the reasonable value of services performed for the client" and "[d]etermination of a reasonable fee requires consideration of the factors set forth in [Kansas Rules for Professional Conduct] Rule 1.5(a)."[5] Rule 1.5(a)'s factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

---

[1] *Childs ex rel. Harvey v. Williams*, 243 Kan. 441, 757 P.2d 302, 303 (1988).

[2] *White v. Allied Mut. Ins. Co.*, 29 Kan. App. 2d 797, 31 P.3d 328, 330 (citing *Baugh v. Baugh*, 25 Kan. App. 2d 871, 973 P.2d 202 (1999)).

[3] *See Mo. Pac. Ry. Co. v. Lasca*, 79 Kan. 311, 99 P. 616, 618 (1909) ("The court may upon being advised of the facts, upon hearing the evidence, enter up a valid and binding judgment for the amount so attempted to be agreed upon; but this not because of the agreement at all—that should exert no influence—but because it appears from the evidence that the amount is just and fair, and a judgment therefor will be conservative of the minor's interests." (quotation marks and citation omitted)).

[4] *Baugh*, 973 P.2d at 207 (citing K.S.A. § 60-1905).

[5] *Id.*

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.[6]

At the settlement approval hearing held on April 7, 2026, the Court expressed concern with the contingency fee arrangement awarding Plaintiff's counsel 45% of the net award and invited Plaintiff's counsel to file a justification of the proposed fee. Plaintiff's counsel has not filed a justification. Accordingly, the Court is left to analyze the proposed fee under Rule 1.5(a)'s factors on its own.

Plaintiff's counsel bears the burden of showing the reasonableness of the proposed fee.[7] Without evidence supporting counsel's position, many of the factors weigh against Plaintiff's counsel. Absent any evidence to analyze factors one, two, or four–seven, the Court finds that these factors weigh against Plaintiff's counsel's fee.

Turning to factor eight, Plaintiff's counsel's proposed fee is a contingent fee arrangement. The Court is mindful that Plaintiff's counsel took a significant risk by engaging in litigation with the possibility of recovering no fee. Accordingly, this factor weighs in favor of Plaintiff's counsel.

Lastly, factor three—the customary fee in the locality—weighs against Plaintiff's counsel. At the hearing, the Court noted that it had never seen a contingency fee arrangement for 45%— especially in a case that did not proceed to trial. The Court is aware that fees of 40% in settlement

---

[6] KRPC 1.5(a)(1)–(8).

[7] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000).

of wrongful death suits have been found reasonable in this locality. But unlike here, counsel in those cases presented significant justification for the reasonableness of the fee.[8] In the undersigned's experience, one-third is a more common arrangement when a case ends in a settlement agreement before proceeding to trial. Accordingly, without evidence to justify its fee, the Court exercises its discretion to find that a contingency fee of one-third of the award is reasonable.[9] This is consistent with other cases approving apportionment of settlement proceeds in wrongful death actions in this locality.[10]

**B.    Expenses**

The Court also expressed concern with the expenses in the case—specifically, a $15,000 expense for a probate bond in a Texas court. At the settlement approval hearing, Plaintiff's counsel indicated that this bond would be refunded and returned once the probate case in Texas was concluded; in fact, counsel indicated that the refund was likely imminent. Plaintiff did not present any documentation memorializing this refund arrangement or the time or conditions upon which the refund would occur. The proposed settlement included this bond as an expense paid by counsel for which reimbursement was due, but did not reflect that the bond would be refunded. Such a refund would nullify this item as an expense for which counsel should be reimbursed. The Court invited Plaintiff's counsel to file such documentation regarding the refund of the bond following

---

[8] *See Est. of Ferrell ex rel. Ferrell v. KB Custom Ag. Servs. LLC*, 2025 WL 3034764, at *6 (D. Kan. Oct. 30, 2025) (finding a 40% fee on the high end of a contingency fee, but reasonable after applying the Rule 1.5(a) factors to the case); *Aiken v. Assurance Health Sys. LLC*, 2025 WL 1810014, at *5 (D. Kan. July 1, 2025) (same); *Sedlock v. Overland Park Med. Invs., LLC*, 2021 WL 1056516, at *5 (D. Kan. Mar. 19, 2021) (same).

[9] *Shigo v. Clark*, 2022 WL 16854271, at *1 (D. Kan. Nov. 10, 2022) (noting that the court has broad discretion over attorneys' fees).

[10] *See Newton v. Amhof Trucking, Inc.*, 385 F. Supp. 2d 1103, 1108 (D. Kan. 2004) (finding a 25% contingency fee arrangement reasonable); *Turman v. Ameritruck Refrigerated Trans. Inc.*, 125 F. Supp. 3d 444, 448 (D. Kan. 2006) ([I]n the experience of this court a one-third contingency fee is not uncommon in wrongful death actions.").

the hearing, but Plaintiff's counsel has not filed anything documenting this arrangement. Accordingly, the Court reduces Plaintiff's expenses in this case by $15,000, determining that the expense for a probate bond in Texas is unsupported.

### III.    Dismissal

The parties to the settlement have stipulated that Plaintiff's claims against Defendant Jeremy Todd Gossen may be dismissed with prejudice in their entirety, with each party to bear its own costs.

It is therefore ordered, adjudged, and decreed by the Court as follows:

1. The settlement as described in the Settlement Agreement and Release is found to be valid, just, and equitable;

2. Modified expenses in the amount of $56,764.79 are reasonable and supported and are to be deducted prior to any other calculations.

3. The modified attorneys' fees one-third are reasonable and supported; Plaintiff's counsel may receive $147,745.07 in attorneys' fees.

4. That pursuant to K.S.A. § 60-1905, the net proceeds of the settlement after deducting attorney expenses and fees are $295,490.14, and shall be split in accordance with the law, with Decedent Italo Piovan-Antequera's wife, Rosangela Pena Coronal (f/k/a Rosanglea Piovan-Antequera) receiving one-half of the proceeds ($147,745.07) and Decedent Italo Piovan-Antequera's two minor children, Marcello Pena and Alessandro Pena, each receiving fifty percent of the remaining one-half of the proceeds ($73,872.54 each).

5. Decedent's minor sons' shares will be deposited into UTMAs at Wells Fargo Bank. Plaintiff will act as the sole custodian over each account until the minor children, individually, reach eighteen years of age. Marcello Pena's account number is XXXXXX2152. Alessandro Pena's account number is XXXXXX2160.

6. Counsel for Plaintiff shall be responsible for distributing the net proceeds to the persons listed in paragraph 4 above; and

7. Counsel for Plaintiff shall file a Receipt of Settlement Proceeds and Satisfaction of Judgment upon receipt of the settlement proceeds, and shall file a Report and Accounting with this Court following Distribution; and

8.   This case is dismissed with prejudice, with each party bearing its own costs.

The Court finds that the parties have reached a valid, just, and equitable settlement regarding Plaintiff's claims against Defendant Jeremy Todd Gossen, and the settlement is hereby approved subject to the modifications described above.

## IV.        Pending Motions

Before the parties arrived at a settlement agreement, there were several motions filed that remain pending. Because the parties have reached an agreement to dismiss this case, and the Court hereby approves the agreement, the pending motions are moot.

**IT IS THEREFORE ORDERED** that the Motion for Approval of Settlement (Doc. 112) is **GRANTED, subject to the modification to attorneys' fees and expenses as described above**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Expert Testimony (Doc. 91) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Exclusion of Opinions (Doc. 92); Defendant's Motion for Exclusion of Opinions (Doc. 94); and Defendants' Motion for Summary Judgment (Doc. 96) are **DENIED as moot.**

**IT IS SO ORDERED**.

This case is closed.

Dated this 12th day of May 2026.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE